UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH BERRESHEIM, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RONALD KNIGHT, SCOTT KNIGHT, )<br>KEVIN KNIGHT, and KNIGHT )<br>DISTRIBUTORS OF ST. CHARLES, )<br>MISSOURI, INC. )<br>)<br>Defendants. ) | Case No. 4:12-CV-02389 |

**MEMORANDUM AND ORDER**

Plaintiff Kenneth Berresheim ("Plaintiff") instituted this action in state court on November 6, 2012, by petition filed in the Circuit Court of St. Louis County, Missouri. (Doc. No. 1-1.) On December 28, 2012, Defendants Ronald Knight, Scott Knight, Kevin Knight, and Knight Distributors of St. Charles, Missouri, Inc. ("Knight Distributors")[1] removed this action pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331, believing this Court has federal question jurisdiction over the action. (Doc. No. 1.) Pending before the Court are Plaintiff's Motion to Remand (Doc. No. 12) and Defendants' Motion to Dismiss for Failure to State a Claim (Doc. No. 16).

**BACKGROUND**

This is a contract dispute concerning the ownership of certain business assets, which happen to be trademarks.

Plaintiff and the Individual Defendants are members of a business partnership, Global Advantage Trading and Imports, L.L.C. ("Global Advantage"), that appears to be winding down.

---

[1] Defendants Ronald Knight, Scott Knight, Kevin Knight, and Knight Distributors are referred to collectively as "Defendants." Defendants Ronald Knight, Scott Knight, and Kevin Knight are sometimes referred to collectively as "Individual Defendants."

(First Amended Petition for Declaratory Judgment ("Compl.") ¶¶ 1-4. (Doc. No. 1-1).) The Individual Defendants, it seems, have a business entity of their own, Knight Distributors. (Compl. ¶ 5.) There is a rift between the parties' businesses, with three apparent resolutions. As Defendant Ronald Knight wrote to Plaintiff in an October 2012 e-mail: "Ken, Three options: 1) We buy you. 2) You buy us. … 3) Close business asap." (Compl. Exh. 4.)

With the winding down of Global Advantage, "[t]here are a few assets on the books" to be sorted. (*Id.*) At issue here is the ownership of one asset—the mark "SUBZERO" and the rights associated therewith. Plaintiff alleges that a 2002 Assignment of Trade Name agreement ("Assignment Agreement") between the parties entitles Global Advantage to "all right, title and interest in and to the SUBZERO Marks … and any rights associated with such marks." (Compl. ¶¶ 10-12 & Exh. 1.) Plaintiff seeks a declaratory judgment that, in essence, enforces the Assignment Agreement as he interprets it. (Compl. ¶¶ 28-33.) "Defendants dispute the legal effect of [the Assignment Agreement,]" *i.e.*, the agreement pursuant to which Plaintiff has brought his contract claim. (Defendants' Response to Plaintiff's Motion to Remand, with Memorandum in Support ("Def. Br.") at 2.) Further, "[d]efendants dispute the ownership of the SUBZERO mark and contend that the mark is an asset of Knight Distributors." *Id.* Defendants seem to believe that the Assignment Agreement has no legal effect because, subsequent to the Assignment Agreement, in 2003 and 2007, Knight Distributors successfully applied for two trademark registrations, before the United States Patent and Trademark Office, in connection with the SUBZERO mark. (Compl. ¶¶ 13-17 & Exhs. 2-3; Def. Br. at 5-6.)

The crux of this matter, at present, is whether the Court has federal question jurisdiction, *see* 28 U.S.C. §1331, such that it may preside over this dispute. Plaintiff asserts that this dispute sounds in contract and belongs in state court. Defendants assert—despite plainly couching much of their

argument in the enforceability of the Assignment Agreement—that this dispute sounds in federal trademark law and belongs in federal court. Because the gist of Plaintiff's case concerns contractual rights pertaining to property, this dispute belongs in state court. Accordingly, Plaintiff's Motion to Remand (Doc. No. 12) will be GRANTED. As a result, Defendants' Motion to Dismiss for Failure to State a Claim (Doc. No. 16) will not be addressed because the Court lacks subject matter jurisdiction over this action.

## DISCUSSION

Removal of a state court action is proper only where that action could originally have been filed in federal court. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Where, as here, diversity of citizenship is absent, the presence of a federal question is required. *See id*. The presence or absence a federal question is governed by the "well-pleaded complaint rule," *i.e.*, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-113, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936)). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*.

Where the only "serious dispute" in a case concerns the allocation of ownership rights by contract of a trademark, "[t]he dispute arises under the law of contracts; any trademark claims are entirely derivative of the contract issues." *Int'l Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912, 916 (7th Cir. 2001) (Easterbrook, J.); *accord Gibraltar, P.R., Inc. v. Otoki Group, Inc.*, 104 F.3d 616, 619 (4th Cir. 1997) (citing cases) ("[T]his case is a contract dispute between the two companies over the ownership of property. If the property at issue were lawnmowers rather than trademarks, the proper legal resolution of the case would be no different. A dispute over property ownership does not properly fall under federal law just because the property

is a federally-created interest like a trademark or a copyright."); *Postal Instant Press v. Clark*, 741 F.2d 256, 257 (9th Cir. 1984) ("Just as the mere existence of a patent or copyright does not confer federal jurisdiction over what is essentially a contract dispute, the mere existence of [a] protected trade name and attendant symbol … does not provide a basis for federal jurisdiction."); *Wortham v. K. Khan, Inc.*, 932 F. Supp. 1176, 1178 (E.D. Mo. 1996) ("[A]s long as plaintiffs are only asserting State of Missouri law violations in the contractual dispute among the parties [they are] entitled to choose the State of Missouri as [their] forum. The fact that defenses or certain issues might ultimately involve federal [trademark] law does not entitle this court to assume jurisdiction.").

Defendants, in opposing remand, do not cite a single case that is contrary to the authority above. Remand is, therefore, appropriate.

## CONCLUSION

**IT IS HEREBY ORDERED** that, in accordance with the foregoing, Plaintiff's Motion to Remand (Doc. No. 12) is **GRANTED**. The action is **REMANDED** to the Circuit Court of St. Louis County, Missouri.

**IT IS SO ORDERED**.

Dated this 20th day of March, 2013.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE